UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| XAVIER WATSON, | ) |
|       Petitioner, | ) |
| v. | )    2:16-cr-00075-JDL-1 |
|  | )    2:18-cv-00191-JDL |
| UNITED STATES OF AMERICA, | ) |
|       Respondent | ) |

**ORDER ON MOTION TO SUPPLEMENT/
RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In this action, Petitioner Xavier Watson moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 276.) Petitioner also filed a motion to supplement.[1] (Motion to Supplement, ECF No. 279.)

In 2017, following a guilty plea, Petitioner was convicted of Hobbs Act robbery and aiding and abetting the brandishing of a firearm in furtherance of a crime of violence. (Judgment, ECF No. 177 at 1.) Pursuant to an amended judgment, Petitioner was sentenced to a total prison term of 115 months. (Amended Judgment, ECF No. 264 at 2.) Petitioner did not appeal from the conviction or the sentence.

Petitioner contends, pursuant to *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, --- U.S. ---, 138 S. Ct. 1204 (2018), that

---

[1] Petitioner's motion to supplement is docketed as Petitioner entitled it: a "motion for leave to buttress Petitioner's original claim and response to the government's response opposition to Petitioner's claim." (Motion to Supplement, ECF No. 279 at 1.) The motion to supplement appears to be essentially a request that the Court consider a late-filed reply to the Government's response. (Response, ECF No. 278 at 8; Motion to Supplement at 3, 6-7.)

his conviction should be vacated; he also asserts a related claim of ineffective assistance. (Motion at 2-3.)

I grant the motion to supplement. Following a review of Petitioner's section 2255 motion, the Government's request for dismissal, and the record, I recommend the Court grant the Government's request to dismiss Petitioner's section 2255 motion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In May 2017, Petitioner was convicted of Hobbs Act robbery, 18 U.S.C. § 1951(a) (Count 2); and aiding and abetting the brandishing of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c) (Count 3); the Court sentenced Petitioner to prison terms of 37 months on Count 2 and to 84 months on Count 3, to be served consecutively, for a total term of 121 months.[2] (Judgment at 1-2.)

In February 2018, the Court amended the sentence on Count 3 from 84 months to 78 months (still to be served consecutively); after the amendment, the total prison term was 115 months. (*Id.*; Amended Judgment at 1-2.) Petitioner did not appeal from the conviction or the sentence.

Petitioner filed his motion on May 14, 2018, which was within the one-year limitation period under section 2255(f)(1). (Motion at 1.)

## II. DISCUSSION

In *Johnson*, the statute at issue was the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), which imposes a 15-year mandatory minimum prison term

---

[2] Counts 1 and 4 of the indictment were dismissed on the Government's motion. (Corrected Indictment, ECF No. 171; Order, ECF No. 175; Judgment, ECF No. 177 at 1.)

when a defendant is convicted of a violation of 18 U.S.C. § 922(g) and has three previous convictions, committed on separate occasions, "for a violent felony or a serious drug offense, or both." 135 S. Ct. at 2555-57. Section 924(e)(2)(B) defines the term "violent felony" and provides:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . that—
>
> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Section 924(e)(2)(B)(i) is known as the "force" clause or the "elements" clause; the provision of section 924(e)(2)(B)(ii) that references burglary, arson, extortion, and the use of explosives is known as the "enumerated offenses" clause; the remainder of section 924(e)(2)(B)(ii), *i.e.*, the provision "or otherwise involves conduct that presents a serious potential risk of physical injury to another," is known as the "residual" clause. *United States v. Starks*, 861 F.3d 306, 314 (1st Cir. 2017); *United States v. Edwards*, 857 F.3d 420, 422-23 & n.2 (1st Cir. 2017).

In *Johnson*, the Court held the residual clause unconstitutionally vague. 135 S. Ct. at 2555-57. However, the Court left intact the force clause and the enumerated offenses clause of section 924(e)(2)(B): "Today's decision does not call into question

3

application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." 135 S. Ct. at 2563.[3]

Petitioner contends a Hobbs Act robbery should not be considered a "crime of violence" for purposes of section 924(c), which contains force clause and residual clause language similar to section 924(e). (Motion at 3.) Section 924(c)(1) imposes mandatory minimum firearms-related sentence enhancements when a defendant's federal offense of conviction is a "crime of violence" or a "drug trafficking crime." Section 924(c)(3) defines "crime of violence" and provides:

> For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –
>
> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*See United States v. Taylor*, 848 F.3d 476, 491 (1st Cir. 2017) (noting section 924(c)(3)(A) is referred to as the "force" clause; and section 924(c)(3)(B) contains a "residual" clause that is "similar, but not identical" to the residual clause in section 924(e)(2)(B)).

Petitioner's section 2255 claim fails because in *United States v. García-Ortiz*, 904 F.3d 102 (1st Cir. 2018), the First Circuit concluded that a Hobbs Act robbery was a crime of violence under section 924(c)'s force clause. 904 F.3d at 106. The Court wrote:

---

[3] In *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), "announced a substantive rule that has retroactive effect in cases on collateral review."

4

> Having rejected García's arguments, we therefore hold that because the offense of Hobbs Act robbery has as an element the use or threatened use of physical force capable of causing injury to a person or property, a conviction for Hobbs Act robbery categorically constitutes a "crime of violence" under section 924(c)'s force clause.

*García-Ortiz*, 904 F.3d at 109.

Similarly, here, based on *García-Ortiz*, Petitioner's Hobbs Act robbery is considered a crime of violence under section 924(c)(3)(A). *See id.* Petitioner's claim based on his contention that a Hobbs Act robbery does not qualify as a crime of violence, therefore, fails.[4] Because Petitioner's underlying claim lacks merit, the related claim of ineffective assistance also fails. *See Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam) (concluding that "[s]ince Tse's claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail").

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. I grant the motion to supplement (ECF No. 279). I recommend the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255 (ECF No. 276). I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

---

[4] Because Petitioner's claim fails on the merits, there is no need to address the Government's procedural arguments.

5

# NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of October, 2018.