UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| XAVIER WATSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:16-cr-00075-JDL-1 |
| | ) | 2:18-cv-00191-JDL |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## **RECOMMENDED DECISION ON 28 U.S.C. § 2255-RELATED MOTIONS**

In this action, Petitioner Xavier Watson moved, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 276.) While Petitioner's objection to the amended recommended decision to dismiss the section 2255 motion was pending, Petitioner filed several motions, including the motions filed at ECF Nos. 294, 295, 296, 298, 299 on the docket.[1] In the motions, Petitioner requests leave to amend his section 2255 motion to add new claims for relief.

Following a review of Petitioner's motions and the record, I recommend the Court deny the relief requested in the pending motions. (ECF Nos. 294, 295, 296, 298, 299.)

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In May 2017, following a guilty plea, Petitioner was convicted of Hobbs Act robbery, 18 U.S.C. § 1951(a) (Count 2); and aiding and abetting the brandishing of a

---

[1] Petitioner filed additional motions (ECF Nos. 282, 293) that are addressed in a separate recommended decision as motions pursuant to 18 U.S.C. § 3582(c).

firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c) (Count 3); the Court sentenced Petitioner to prison terms of 37 months on Count 2 and to 84 months on Count 3, to be served consecutively, for a total term of 121 months.[2] (Judgment, ECF No. 177 at 1-2.)

In February 2018, the Court amended the sentence on Count 3 from 84 months to 78 months (still to be served consecutively); after the amendment, the total prison term was 115 months. (*Id.*; Amended Judgment, ECF No. 264 at 1-2.) Petitioner did not appeal from the conviction or the sentence.

In May 2018, Petitioner filed a motion to vacate, set aside or correct the sentence, pursuant to section 2255 (ECF No. 276). In October 2018, the Court issued an amended recommended decision (ECF No. 285).[3] In November 2018, Petitioner filed an objection (ECF No. 287) and an amended objection (ECF No. 288), to the amended recommended decision. In January 2019, the Court dismissed Petitioner's 28 U.S.C. § 2255 motion. (Order, ECF No. 303.)

In December 2018, Petitioner filed the motions (ECF Nos. 294, 295, 296, 298, 299) addressed in this recommended decision. In the motions, Petitioner seeks an evidentiary hearing (ECF No. 295), and to supplement his section 2255 claim. (ECF Nos. 294, 295, 296, 298, 299.)

---

[2] Counts 1 and 4 of the indictment were dismissed on the Government's motion. (Corrected Indictment, ECF No. 171; Order, ECF No. 175; Judgment, ECF No. 177 at 1.)

[3] The recommended decision (ECF No. 283) was amended to incorporate reference to a recent First Circuit decision. (Amended Recommended Decision, ECF No 285 at 1 n.1.)

## II. DISCUSSION

In his section 2255 motion, Petitioner asserted a claim based on *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, --- U.S. ---, 138 S. Ct. 1204 (2018), and a related claim of ineffective assistance of counsel.[4] (Motion, ECF No. 276 at 2-3.)

In the motions addressed in this recommended decision (ECF Nos. 294, 295, 296, 298, 299), Petitioner sets forth additional claims of ineffective assistance of counsel at the plea stage and at sentencing.[5] Petitioner requests leave to amend the section 2255 motion to include the additional claims.

As a preliminary matter, Petitioner waived the section 2255 claims set forth in the pending motions, because he raised the claims belatedly. A court may determine that a

---

[4] In its decision on Petitioner's 28 U.S.C. § 2255 motion, this Court concluded a Hobbs Act robbery constitutes a crime of violence, for purposes of 18 U.S.C. § 924(c)(3)(A). (Order, ECF No. 303; Amended Recommended Decision at 5 (citing *United States v. García-Ortiz*, 904 F.3d 102 (1st Cir. 2018)).) This Court also concluded Petitioner could not prevail on a claim based on *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). (Amended Recommended Decision at 5 (citing *United States v. Douglas*, 907 F.3d 1 (1st Cir. 2018)).) Because Petitioner's underlying claim lacked merit, this Court concluded his related claim of ineffective assistance also failed. (*Id.* at 5-6 (citing *Tse v. United States*, 290 F.3d 462 (1st Cir. 2002) (per curiam)).)

[5] In Petitioner's motion docketed at ECF No. 294, Petitioner asserts a claim of ineffective assistance at the plea stage. (Motion, ECF No. 294 at 6-8.)

In Petitioner's motion docketed at ECF No. 295, Petitioner requests an evidentiary hearing, and he reiterates his contentions that he received ineffective assistance at the plea stage, and that he is entitled to the appointment of counsel. (Motion, ECF No. 295 at 2-4.)

In Petitioner's motion docketed at ECF No. 296, Petitioner requests leave to amend his section 2255 motion. (Motion, ECF No. 296 at 1.)

In Petitioner's motions docketed at ECF Nos. 298 and 299, Petitioner claims ineffective assistance at the plea stage and at sentencing. (Motion, ECF No. 298 at 1-2; Motion, ECF No. 299 at 2-3.)

section 2255 claim raised for the first time in a reply is waived: "A first petition for post-conviction relief under § 2255 should raise all available claims. Informal reference to a new claim in a reply brief will not suffice to raise a claim if the district court does not address that claim in its order." *United States v. Barrett*, 178 F.3d 34, 57 (1st Cir. 1999) (holding that the "[f]ailure to raise an available claim does not permit an end-run around the requirements of § 2255 by resort to § 2241 or the All Writs Act," and denying the petitioner's request as a second or successive petition); *see also United States v. Lee Vang Lor*, 706 F.3d 1252, 1256 (10th Cir. 2013) (noting that in civil cases, "a party waives an issue in the district court if he waits to raise the argument until his reply brief;" concluding "the same rule logically applies in a § 2255 proceeding, considering that plain error review does *not* apply to forfeited errors on a § 2255 review;" and citing *United States v. Frady*, 456 U.S. 152, 166 (1982)); *United States v. Berry*, 624 F.3d 1031, 1039 n.7 (9th Cir. 2010) (noting that because a claim was raised for the first time in the petitioner's reply brief, it was not addressed by the district court and was outside the scope of appellate review). Petitioner not only failed to raise the claims in his reply, but he only asserted the claims after the Court issued the recommended decision.

In Petitioner's ineffective assistance claim concerning the plea, Petitioner alleges counsel should have negotiated a more favorable plea agreement: "Petitioner had other plea options that the lawyer failed to pursue that were more suitable to petitioner's situation." (Motion, ECF No. 294 at 7.) Petitioner alleges counsel should have negotiated a *nolo contendere* plea, which he contends would have prevented certain unspecified facts from being established in the record and thus would have protected Petitioner from the use

4

of the information to threaten him.[6] (*Id.* at 7-8.) Petitioner alleges he was prejudiced because he was exposed to threats and harassment from fellow inmates who had obtained access to some court filings in Petitioner's case.[7] (*Id.* at 7.)

"A defense attorney in a criminal case has an obligation to keep his client apprised of plea offers made by the government." *Rivera-Rivera v. United States*, 844 F.3d 367, 372 (1st Cir. 2016) (citing *Missouri v. Frye*, 566 U.S. 134, 145 (2012)). The uncontroverted record establishes that counsel communicated to Petitioner the plea offer made by the Government and accepted by Petitioner. (Plea Agreement, ECF No. 108 at 6.) Petitioner has not demonstrated the Government offered a plea of *nolo contendere*, that it discussed such a plea with counsel, or that the Government would have been amenable to such a plea; therefore, Petitioner has failed to demonstrate deficient performance by counsel. *See id.*

Furthermore, Petitioner has failed to make the required showing of prejudice:

> In order to complete a showing of *Strickland* prejudice, defendants who have shown a reasonable probability they would have accepted the earlier plea offer must also show that, if the prosecution had the discretion to cancel it or if the trial court had the discretion to refuse to accept it, there is a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented. This further showing is of particular importance because a defendant has no right to be offered a plea, nor a federal right that the judge accept it.

---

[6] Petitioner cites Fed. R. Crim. P. 11 in support of his claim. (Motion, ECF No. 294 at 3.) *See* Fed. R. Crim. P. 11(b)(3); *United States v. Farrar*, 876 F.3d 702, 707 (5th Cir. 2017) (noting "Rule 11 does not require that the district court find a factual basis for a plea of nolo contendere, as opposed to a plea of guilty") (quotation marks omitted).

[7] In other motions, Petitioner also alleges ineffective assistance at either the plea or sentencing stages, or at both. (Motions, ECF Nos. 295, 298, 299.)

5

*Frye*, 566 U.S. at 148–49 (citations omitted). Even if Petitioner could demonstrate a reasonable probability he would have accepted an offer to plead *nolo contendere*, Petitioner has not demonstrated a reasonable probability the Government would not have prevented a nolo plea from being accepted or that the ultimate result for Petitioner would have been different. *See id.* Petitioner, therefore, cannot demonstrate prejudice. *See id.* Petitioner's claim thus fails on its merits.

Concerning Petitioner's claim of ineffective assistance at sentencing, Petitioner has not alleged facts that would support a finding that counsel's performance was substandard or prejudicial to Petitioner. Petitioner has also failed to establish the basis for the downward departure he claims counsel failed to request, and thus the ineffective assistance claim fails because it is vague.[8] *See David v. United States*, 134 F.3d 470, 478 (1st Cir. 1998).

In sum, because Petitioner failed to assert the claims in his section 2255 motion, which the Court has decided, Petitioner has waived his ability to assert the proposed claims. In addition, even if Petitioner had timely asserted the claims, the claims fail on their merits.

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. I recommend the Court deny Petitioner's request to amend the section 2255 motion (ECF Nos. 294, 295, 296, 298, 299),

---

[8] The Court granted Petitioner a downward departure on the Government's motion. (Statement of Reasons, ECF No. 178 at 2.)

and for an evidentiary hearing. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).[9]

**<u>NOTICE</u>**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of February, 2019.

---

[9] In one of his motions (ECF No. 294), Petitioner argues he is entitled to effective assistance of counsel during habeas proceedings. While Petitioner does not explicitly request the appointment of counsel, to the extent he seeks the appointment of counsel, Petitioner's request is denied as the interests of justice do not require the appointment of counsel. *See* 18 U.S.C. § 3006A; *United States v. Mala*, 7 F.3d 1058, 1063-64 (1st Cir. 1993) (situations in which the appointment of counsel is appropriate on section 2255 motions described as "rare.")