UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:16-cr-00075-JDL-1 |
| | ) | |
| XAVIER WATSON | ) | |

**RECOMMENDED DECISION ON 18 U.S.C. § 3582(c) MOTIONS**

In this action, Defendant Xavier Watson moves to reduce his sentence by 30 days, and he requests the Court order that he serve the remainder of the sentence in state custody. (Motion, ECF No. 282 at 6.) Although Defendant cites 18 U.S.C. § 3584(a) and USSG § 5G1.3(c) in support of the motion, he essentially requests a sentence modification, which is governed by 18 U.S.C. § 3582(c). In addition, Defendant contends he has not received credit for time spent in pre-trial detention. (Motion, ECF No. 293 at 1.)

Following a review of Defendant's motions, the Government's response, and the record, I recommend the Court deny the relief requested in Defendant's motions (ECFNos. 282, 293).

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In May 2017, following a guilty plea, Defendant was convicted of Hobbs Act robbery, 18 U.S.C. § 1951(a) (Count 2); and aiding and abetting the brandishing of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c) (Count 3); the Court sentenced Defendant to prison terms of 37 months on Count 2 and to 84 months on

Count 3, to be served consecutively, for a total term of 121 months.[1] (Judgment, ECF No. 177 at 1-2.)

In February 2018, the Court amended the sentence on Count 3 from 84 months to 78 months (still to be served consecutively); after the amendment, the total prison term was 115 months. (*Id.*; Amended Judgment, ECF No. 264 at 1-2.) Defendant did not appeal from the conviction or the sentence.[2]

In October 2018, Defendant filed a motion entitled "Motion Pursuant to 5G1.3(c)." (Motion, ECF No. 282.) In December 2018, Defendant filed a motion entitled "Motion for an adjustment of sentence."[3] (Motion, ECF No. 293.)

## II. DISCUSSION

Defendant requests the Court modify his sentence, which is final, by reducing it by 30 days. (Motion, ECF No. 282 at 6.) Defendant contends that if the Court were to grant the requested sentence modification, he would avoid a detainer, currently in effect, that precludes his access to benefits he needs to assist his re-entry into the community. (*Id.* at 3-5.)

[1] Counts 1 and 4 of the indictment were dismissed on the Government's motion. (Corrected Indictment, ECF No. 171; Order, ECF No. 175; Judgment, ECF No. 177 at 1.)

[2] In May 2018, Defendant filed a motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. (Motion, ECF No. 276.) In January 2019, the Court dismissed Defendant's 28 U.S.C. § 2255 motion. (Order, ECF No. 303 (accepting amended recommended decision).)

[3] In December 2018, Defendant also filed a number of additional motions that are addressed in a separate recommended decision as motions pursuant to 28 U.S.C. § 2255. (Motions, ECF Nos. 294, 295, 296, 298, 299.)

Neither the statute, 18 U.S.C. § 3584(a), nor the sentencing guideline, USSG § 5G1.3(c), on which Defendant relies for a sentence reduction authorizes the Court to modify his sentence.[4] Rather, sentence modifications are governed by 18 U.S.C. § 3582, which provides that a criminal judgment is final and may not be modified, with limited

[4] Title 18 U.S.C. § 3584(a) provides:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

Section 3584(a) applies at the time of sentencing, rather than after a sentence is final, as the Supreme Court's explanation of the statute indicates:

> The first sentence in § 3584(a) addresses the most common situations in which the decision between concurrent and consecutive sentences must be made: where two sentences are imposed at the same time, and where a sentence is imposed subsequent to a prior sentence that has not yet been fully served. It says that the district court has discretion whether to make the sentences concurrent or consecutive, *except that* it may not make consecutive a sentence for "an attempt" and a sentence for an "offense that was the sole objective of the attempt." And the last two sentences of § 3584(a) say what will be assumed in those two common situations if the court does not specify that the sentence is concurrent or consecutive.

*Setser v. United States*, 566 U.S. 231, 239-40 (2012).

USSG 5G1.3(c) is entitled "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment or Anticipated State Term of Imprisonment." Both the statute and the guideline apply to the imposition of the sentence; neither authorizes the Court to modify a sentence after the judgment is final.

exceptions that do not apply to Defendant's case.[5] This Court therefore lacks the statutory authority to modify Defendant's sentence. *See United States v. Mercado-Flores*, 872 F.3d

[5] Title 18 U.S.C. §3582 provides in part:

> **(b) Effect of finality of judgment.--**Notwithstanding the fact that a sentence to imprisonment can subsequently be—
>
> **(1)** modified pursuant to the provisions of subsection (c);
>
> **(2)** corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
>
> **(3)** appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.
>
> **(c) Modification of an imposed term of imprisonment.--**The court may not modify a term of imprisonment once it has been imposed except that—
>
> **(1)** in any case—
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> **(i)** extraordinary and compelling reasons warrant such a reduction; or
>
> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

25, 28 (1st Cir. 2017) ("Subject to only a handful of narrowly circumscribed exceptions, a district court has no jurisdiction to vacate, alter, or revise a sentence previously imposed.")

Defendant additionally asserts, as grounds for a sentence adjustment, that he has not been granted credit for pre-trial detention. (Motion, ECF No. 293 at 1.) The record does not support the claim.[6]

## III. CONCLUSION

Based on the foregoing analysis, I recommend the Court deny the relief requested in Defendant's motions. (ECF Nos. 282, 293.)

## NOTICE

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

> **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

[6] In the Government's response, the Government represents that Defendant was in fact granted credit for pretrial detention from January 19, 2016, when he was initially detained, through May 16, 2017, which was the day before he was sentenced. (Response, ECF No. 300 at 1 n.1.) Evidently, the document on which the Government relies was attached as Exhibit 1 to Defendant's Motion for Transcript. (Attachment, ECF No. 292-1 at 2.) In Defendant's reply, Defendant does not dispute the Government's representation that he has been granted credit for pre-trial detention. (Reply, ECF No. 304.)

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of February, 2019.