UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

XAVIER WATSON,                )
                              )
    Petitioner,           )
                              )    2:16-cr-00075-JDL-1
v.                            )    2:18-cv-00191-JDL
                              )
UNITED STATES OF AMERICA,     )
                              )
    Respondent            )

## **RECOMMENDED DECISION ON RULE 52(b) AND 60(a) MOTIONS**

In this action, Petitioner Xavier Watson seeks relief from the Court's orders denying his motion for relief under 28 U.S.C. § 2255. (Motions, ECF No. 306, 306-1.) Petitioner, citing Federal Rules of Civil Procedure 52(b) and 60(a), questions whether the Court properly considered and ruled on certain claims he raised in a series of filings supplementing his § 2255 motion.

Following a review of Petitioner's filings and the record, I recommend the Court deny Petitioner's motions. (ECF No. 306, 306-1).

### PROCEDURAL HISTORY AND DISCUSSION

In May 2017, following a guilty plea, Petitioner was convicted of Hobbs Act robbery, 18 U.S.C. § 1951(a) (Count 2); and aiding and abetting the brandishing of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c) (Count 3); the Court sentenced Petitioner to prison terms totaling 121 months. (Judgment, ECF No. 177 at 1-2.) In February 2018, the Court amended the sentence, resulting in prison terms totaling

115 months. (*Id.*; Amended Judgment, ECF No. 264 at 1-2.) Petitioner did not appeal from the conviction or the sentence.

On May 14, 2018, Petitioner filed a motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. (Motion, ECF No. 276.) On October 1, 2018, in response to the Government's answer to the motion, Petitioner filed a motion to buttress his original arguments. (Motion, ECF No. 279.) On October 24, 2018, I granted Petitioner's motion to buttress and recommended the Court deny Petitioner's request for relief on his § 2255 motion. (Recommended Decision, ECF No. 283; Amended Recommended Decision, ECF No. 285.)[1] In December 2018, Petitioner filed additional motions to buttress and supplement his § 2255 claims, along with several other motions. (Motions, ECF Nos. 291 – 96, 298 – 99). The Court granted one of the motions to buttress on December 28, 2018, and on January 4, 2019, the Court accepted the recommended decision and denied Petitioner's § 2255 motion. (Order, ECF No. 303.)

On February 5, 2019, I issued two additional recommended decisions addressing Petitioner's other motions, including the motions to buttress and supplement his § 2255 claims. (Orders, ECF Nos. 307 – 08). The Court accepted the recommended decisions on March 19, 2018, denying Petitioner's additional motions. (Orders, ECF Nos. 309 – 10.)

Meanwhile, on February 1, 2019, shortly before the two additional recommended decisions were docketed, Petitioner filed the motions presently before the Court. (Motions, ECF No. 306, 306-1.) Petitioner seeks relief from the denial of his § 2255 motion based

---

[1] On October 30, 2019, I amended the recommended decision; the amendment did not alter the recommendation.

2

oin his other motions to buttress or supplement, which were pending when the Court ruled on the § 2255 motion. Petitioner asserts the motions would have been filed earlier but for his inadvertence or mistake. (Motion, ECF No. 306.) Petitioner, citing *Abbott v. Perez*, 138 S. Ct. 2305, 2319, (2018), contends the Court's denial of his § 2255 motion had the practical effect of denying the constitutional claims in his other pending motions to buttress and supplement.

In February 2019, the Court, through the adoption of the recommended decisions, addressed the arguments Petitioner made in his many filings. As explained in the recommended decisions, even if Petitioner had presented all of his arguments timely, Petitioner's arguments would have failed because the arguments lack merit. The Court has addressed Petitioner's arguments in detail, and additional or amended findings under Rule 52(b) are not warranted, nor is Petitioner entitled to relief from the Court's earlier orders under Rule 60(a).[2]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Petitioner's motions. (ECF No. 306, 306-1.)

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen

---

[2] Conceivably, Petitioner's motions can be construed to reference motions that have not yet been filed as a result of inadvertence or mistake. In that event, Petitioner would not be entitled to relief because he had sufficient opportunity to present the arguments and correct any mistake and he has not done so.

(14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                              /s/ John C. Nivison
                                              U.S. Magistrate Judge

Dated this 31st day of July, 2019.